REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV-16-7601-GW(JPRx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | *Breckenridge Prop. Fund 2016, LLC v. Ingram, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**

    On October 12, 2016, defendant Kevin A. Fulton, *in pro per*, removed to this Court this unlawful detainer action filed by plaintiff Breckenridge Property Fund 2016, LLC ("Plaintiff") against him and Lynette Ingram in Los Angeles County Superior Court on September 8, 2016. Plaintiff has filed a motion to remand and neither Fulton nor Ingram have responded.[1] Such a failure may be considered consent to the motion being granted. *See* C.D. Cal. L.R. 7-12. In addition, this Court is obligated to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). That jurisdiction is clearly lacking here.

    Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction, and the party claiming federal jurisdiction bears the responsibility of proving otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and "[t]he removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) and *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

---

[1] In his Notice of Removal, Fulton informed the Court that "[i]n the event that Plaintiff seek[s] to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully request[s] the opportunity to submit such additional argument and/or evidence in support of removal as may be necessary." Notice of Removal at 7:6-9. Fulton had that opportunity by virtue of having been served with this motion. Nonetheless, he did not file an opposition.

:

Initials of Preparer   JG

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-16-7601-GW(JPRx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | *Breckenridge Prop. Fund 2016, LLC v. Ingram, et al.* | | |

instance.") (omitting internal citations).

Fulton asserted in his removal papers that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because of complete diversity and an amount in controversy exceeding $75,000. *See* Notice of Removal at 3:26-5:8. He contends that he is a citizen of California and, effectively, that Ingram's citizenship can be ignored because she "is not a legal owner to [*sic*] the property and has no interest or claim in the Subject Property," "relinquished" her interest to Fulton "years ago" and "her whereabouts are presently unknown" to Fulton. *Id.* at 4:14-25.

Irrespective of questions about (or the relevance of) Ingram's citizenship, however, Fulton has insufficiently alleged Plaintiff's citizenship. First, Plaintiff appears to be a limited liability company, *see* Complaint ¶ 1, but Fulton has incorrectly attempted to allege Plaintiff's citizenship as if it were a corporation. *See* Notice of Removal at 4:6-13; *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Even if Plaintiff were a corporation, Fulton has only alleged that Plaintiff is "organized under the laws of the State of Delaware," *id.* at 4:6-8, without even broaching the topic of Plaintiff's principal place of business. A corporation's "dual" citizenship is measured by these two locations, not just its state of incorporation. *See* 28 U.S.C. § 1332(c)(1); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). As such, Fulton's citizenship allegations come up short.

Putting aside the citizenship-related deficiencies, however, Fulton's amount-in-controversy allegations are also deficient. This is an unlawful detainer action, and in those types of cases the amount in controversy is not (contrary to Fulton's suggestion, *see* Notice of Removal at 5:1-8) the value of the property, but the amount demanded in the Complaint. *See, e.g.*, *ABP Props., LLC v. Munguia*, No. 2:15-cv-00250-CAS (Jcx), 2015 WL 774090, *1 (C.D. Cal. Feb. 24, 2015); *HSBC Bank USA, Nat'l Ass'n v. Jacob*, No. 5:13-CV-02191-ODW, 2013 WL 6328840, at *2 (C.D. Cal. Dec. 4, 2013) ("The amount in controversy in an unlawful detainer action is [ ] determined by the amount of damages sought in the complaint … not by the value of the subject property."). Here, that amount is $106.67 per day. *See* Complaint ¶ 14. Indeed, the face of the Complaint stated specifically that the "DEMAND DOES NOT EXCEED $10,000.00." Complaint at 1:17-18. Calculating the damages from the date Plaintiff alleges it purchased the property in question (August 17, 2016), *see id.* ¶ 4, the amount due would now, in fact, be $10,987.01, but that is still far short of the $75,001.00 necessary for jurisdictional purposes.

Fulton also claims the existence of subject matter jurisdiction due to what he asserts "is an issue of title and a violation of federal laws under the federal Truth in Lending Act, hereinafter referred to as TILA, 15 U.S.C. § 1601, et seq." Notice of Removal at 5:10-12. But there is no Truth in Lending Act

:

Initials of Preparer    JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-16-7601-GW(JPRx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | *Breckenridge Prop. Fund 2016, LLC v. Ingram, et al.* | | |

claim on the face of Plaintiff's unlawful detainer complaint, and it is the face of the plaintiff's pleading that a federal court examines in attempting to discern jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Any defenses or counterclaims (and any federal issues/questions raised therein) are irrelevant. *See id.* at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

      Given the undeniable absence of federal jurisdiction, the Court vacates the December 1, 2016, hearing date and the Scheduling Conference set for that same day, and remands the matter to Los Angeles County Superior Court. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

:

Initials of Preparer   JG